[No. 893. February 1, 1902.]

PERFECTO ARMIJO, Appellee, v. BOARD OF COUNTY COMMISSIONERS BERNALILLO COUNTY, Appellant.

### SYLLABUS BY THE COURT.

From the condition of the record it is manifest that this court cannot render final judgment herein with due regard to the rights of the respective parties and, in furtherance of justice, the cause is remanded for a new trial.

Appeal from district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Remanded for new trial.

T. A. FINCIAL, District Attorney, for appellant; GEORGE W. JOHNSTON of counsel.

Under the legislative act of 1891, the act under which the assessments in question in this case were made, it is provided that: "The said assessors shall only be paid on the amount of tax which shall be actually collected under their assessments" . . . and that "No

assessor shall receive any compensation on account of any amount assessed or collected for the school fund."

>Section 1, chap. 94, Laws 1891, top of page 204.

The act of 1891 has already been construed by this court in an able opinion by Judge PARKER in which he says: "This act provides that assessors should be paid only on actual collections, and school taxes were excluded from the burden of payment of commissions."

>Santiago Baca v. Commissioners, January Term, 1900.

Chapter 3 of theActs of 1895 is on its face nugatory, and can have no effect.

R. W. D. BRYAN for plaintiff.

Unless an off-set or counterclaim is specially pleaded, or at least a notice given that such a claim is made no evidence whatever in support thereof is admissible at the hearing.

>22 Am. and Eng. Ency. of Law, page 334; Session Laws of New Mexico 1897, page 169; Complied Laws of New Mexico 1897, sec. 3260; Wagner v. Mars, 20 S. C. 533; Kansas National Bank v. Quinton, 48 Pac. 20.

The court will give force and effect to legislative acts, and will interpret them by well-established principles of construction so as to carry out the legislative intention.

"Courts have no other duty to perform than to execute the legislative will."

>Knox v. Bridges, 45 Mass. 259; Ogden v. Strong, 18 Fed. Cases, 616; 23 Amer. and Eng. Ency. of Law, page 322; Evansville v. Summers, 108 Ind. 192; The Emely and Caroline, 9 Wheat. 391.

The Legislature of 1897 construed this law of 1895 by appropriating money to pay the assessors of 1891 and 1892.

Laws of 1897, page 160.

When a judgment is more favorable to a party than he is entitled to have it, he cannot have it reversed.

Starr v. Hinshaw, 23 Kan. 532.

It was within the power of the Legislature to change the compensation of the assessors of 1891 and 1892 at any time.

Pomeroy on Constitutional Law, sec. 553; Cohen v. Wright, 23 Cal. 319.


### OPINION OF THE COURT.

McFIE, J.—The appellee was the assessor of Bernalillo county for the years 1891 and 1892. Some time in the spring of 1897—the record does not disclose the specific date—he presented a claim against the board of county commissioners of Bernalillo county for a balance alleged to be due him for services as assessor during the years 1891 and 1892. The total amount claimed to be due the appellee, as stated in his account filed before the board of county commissioners, was $2,131.70, and he admits in said account that he owes the county $1,119.81 which he deducts from the total amount due, and states specifically that he claims to be due him, after allowing said credit the sum of $1,011.89. This account was rendered under oath of appellee.

The record shows that the board of county commissioners rejected the claim of the appellee, on the third day of May, 1897, from which rejection he appealed to this court. All of the papers filed show that it is an appeal from the disallowance of appellee's claim for the sum of $1,011.89, and the cause was docketed in the district court on the twelfth day of June, 1897.

Without referring specifically to the proceedings in the district court, at this time, the record shows that a judgment was rendered against the appellant and in favor of the appellee, for the sum of $3,598.27, on the twenty-fifth day of October, 1900.

In explanation of the anomalous state of the record, as above indicated, it appears, that on the third day of March, 1898, the parties filed a written stipulation waiving trial by jury, and at the March term of the district court, in the year 1899, E. W. Dobson, Esq., was appointed referee to take the proofs in the case and report his findings of fact and conclusions of law therein.

When the referee called the case for trial, it was found that all of the papers in the case were lost; neither of the parties seemed to know anything about the contents of the original papers, and agreed to try the case in the absence of the original papers. The following paragraph appears in the referee's report from which it would seem clear that counsel for the appellant was not aware of the contents of the original papers, and the action of the county commissioners below, from which appeal was taken:

"From statements of counsel, it appears that the plaintiff presented to the board of county commissioners of Bernalillo county (just when referee does not know) a bill for the sum of $3,982.53, for commission and fees claimed to be due him, for services rendered by him as assessor of the county of Bernalillo, New Mexico, during the years 1891 and 1892. The board of county commissioners rejected the claim, and plaintiff appealed."

From this statment of the referee it is evident that the trial, before the referee, proceeded under a misapprehension, at least on the part of counsel for the board of county commissioners, of the claim which was rejected by the board. This statement of the referee states that the claim for $3,982.53 presented by appellee before the referee, was the original claim filed with, and rejected by, the board of county commissioners. While counsel may have admitted this, such was not the fact, as the latter account, though no application was made for leave to amend, was essentially different from the original. The claim before the referee was for about $1,800 more than the aggregate claim presented to the board, and

about $2,800 more than the amount claimed to be due after the credit offered by appellee was made.

It is plain, from the referee's report, that the original claim filed with the board of county commissioners, was never produced before him, nor was the same considered by him. The probabilities seem to be, that the original claim was found after the trial was concluded, and the referee had made his report, from the fact that the original claim, together with the credit thereon, is now found in the record.

The claim produced upon the trial by the appellee was different from the original in another respect, that the credit of $1,119.81 which the appellee himself deducted from the original account, is not deducted from the new account. That this trial proceeded on the theory that the account produced at the trial had been presented to the board of county commissioners and rejected by them, is evident, from the statement of the referee in his report, and the statute requires such accounts to be presented to the board of county commissioners and the rejection of the account is the foundation for appeal. Section 671, C. L. 1897, is as follows:

"When any claim of any person against a county shall be disapproved in whole or in part by the board of county commissioners, such persons may appeal from the decision of such board to the district court for the same county, by causing written notice of such appeal to be served on the clerk of such board within thirty days after such decision, and executing bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal and payment of all costs that may be adjudged against such appellant."

Exceptions were filed to the referee's report, by counsel for the appellant in the lower court, but the court overruled all of the exceptions and confirmed the report, which found in favor of the appellee for the sum of $2,976.24, and entered judgment for the amount

stated, in the referee's report, together with interest, rendering judgment for the total amount supposed to be due the appellee.

Exceptions to the decision of the court in overruling appellant's exceptions and rendering judgment for the appellee in the lower court were properly saved, and the case was brought to this court by appeal.

Since the case was heard in this court, the district attorney who represented the appellant in the court below, has died, and Mr. Frank W. Clancy, has become his successor. Mr. Clancy has, by a supplemental brief, called the attention of this court to the condition of the record, and suggested that, owing to the condition of the record, this court cannot, under its rules, decide this case finally, with due regard to the rights of the parties, but that this might be done by remanding the cause for further proceedings in the lower court. We deem this suggestion as having much force, because it is apparent, from the record presented, that owing to the misapprehension of counsel for appellant in the court below, the cause was not properly tried, and issues of importance for the appellant were not presented to the referee or the court upon the trial. In the briefs of counsel filed in this case, the counsel for appellant insist that, instead of the county owing the appellant any sum whatever, the facts are that the appellee has been largely overpaid, in this, that appellee claims fees due him for the assessment of all the property of the county of Bernalillo; that the property of the city of Albuquerque was a part of the property of the county, and that the appellee received the sum of $2,910.33 for the assessment of the property in the city of Albuquerque, for which he does not allow the county any credit whatever, and which sum, if allowed, would show that the appellee was largely overpaid. This contention is met by appellee in this court, with the suggestion that the appellant is not entitled to a credit, because there was no plea of set-off filed in the court below. This, no doubt, was the result of

the manner in which the cause was tried in the lower court. Counsel for the appellant, on the other hand, insists that no such technical objection should be raised, as the case was tried in the court below with a tacit understanding that such objection should not be made. As to the credit which the appellee voluntarily made in his original account, counsel for appellant, Mr. Clancy, insists that the appellee was bound by it, as it was voluntarily made, and the same should have been allowed in the court below. In our opinion the position of counsel for appellant, upon this point, is correct, but this court can see the difficulty of allowing the same in this court in attempting to render a final judgment, for the reason that considerable time has elapsed and the taxes which appellee offered to allow the county, may have been settled in the meantime, or it is possible that the appellee should not be required to abide by the credit for taxes which he admitted and offered to deduct from his claim, upon the ground that the same is not now a proper subject of set-off.

There is another vital question suggested by this record, which should have been determined in the lower court, and certainly would have been, had the case been properly tried, and that is this: Appellee does not claim that he would be entitled to the compensation for which he sues in this case, under the laws in force in 1891 and 1892, when he was the assessor of the county; but his claim is based upon an act of the Legislature passed in 1895, and which purports on its face to increase the compensation of assessors for the years 1891 and 1892. In other words, the plaintiff had no legal right to sue for the amount claimed to be due in this suit under the laws of 1891 and 1892, but bases his claim entirely upon the act of the Legislature of 1895, which purported to provide a remedy not in existence at the time the services of appellee were rendered.

This court might properly determine whether or not it was within the power of the Legislature to do this,

but inasmuch as the condition of the record presented, required issues to be made up, and additional testimony to be taken, before this court can finally dispose of the case with due regard to the rights of the parties herein, in our opinion, the case should be remanded to the lower court, with instructions to set aside the judgment of the court below and grant a rehearing, that the issues may be properly made up and the cause retried according to law; that the costs in this court shall be paid by the appellant, and the accrued costs in the court below shall abide the result of further proceedings in the lower court. And it is so ordered.

Mills, C. J., Parker and McMillan, JJ., concur.